(No. 1139—Claimant awarded $246.00.)

JERRY LAURIE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1927.*

RESPONDEAT SUPERIOR—*State not liable. Employees.* The State is not liable for injuries sustained by its employees in the discharge of their duty.

EQUITY AND GOOD CONSCIENCE—*award may be made.* An award may be made to a State employee who is injured while in the performance of his duty, as a matter of equity and good conscience.

ANGERSTEIN & SCHNEIDER, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a claim filed by Jerry Laurie, to recover on account of an injury sustained by him while in the employ of the State of Illinois. The declaration filed alleges that on August 25, 1926, while claimant was in the employ of the State of Illinois, in the capacity of clerk in the Department of Labor in the Illinois Industrial Commission, 139 North Clark street, Chicago, Illinois, and while in the pursuance of his duties as clerk of the Illinois Industrial Commission, while lifting a box of stationery weighing about 300 pounds, he sustained an accidental injury arising out of and in the course of his employment, in that he ruptured himself, and that he duly notified William F. Scanlan, chairman of the Industrial Commission, that he had so ruptured himself, within fifteen days after the occurrence of said accident; that he also notified his superior,

W. W. Baldwin, and that there were two witnesses to his said accident, namely, W. W. Baldwin and Henry Plattner, both employees of the Industrial Commission of the State of Illinois; that thereafter said claimant was operated on by Dr. Ira Boyd Robinson, on September 13, 1926; that he was necessarily in the hospital from September 13, 1926, to September 26, 1926, and was confined to his home. for four. weeks; that for the operation and the after treatment he was charged the sum of $150.00 by his physician and surgeon above mentioned and that his hospital expenses in the Jefferson Park Hospital in the city of Chicago were the sum of $96.00, and he makes claim for $246.00.

The State of Illinois by the Attorney General has filed a demurrer, which is sustained, as a matter of law.

While there is no legal obligation on the part of the State of Illinois to make an award in this case, in equity and good conscience we award claimant the sum of $246.00, the amount which he would be entitled to receive were he employed under the provisions of the Workmen's Compensation Act of the State of Illinois.